UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 16-10308 |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | 18 U.S.C. § 371 |
| MEISUM BAKERY, INC. & | ) | Conspiracy to Acquire, Possess and Redeem |
| XI XIAN LEI | ) | SNAP Benefits in an Unauthorized Manner |
| | ) | |
| | ) | 7 U.S.C. § 2024(b) |
| Defendants. | ) | SNAP Fraud |
| | ) | |
| | ) | 18 U.S.C. §§ 492, 981(a)(1)(C), 28 |
| | ) | U.S.C. § 2461(c), and 7 U.S.C. § 2024(f) |
| | ) | Criminal Forfeiture |

## INFORMATION

The United States Attorney charges that at all times relevant to this Information:

1.  **MEISUM BAKERY, INC.** was a bakery located at 36 Beach St. in Boston, Massachusetts.

2.  **XI XIAN LEI** was the owner and operator of **MEISUM BAKERY, INC.** He employed at least four individuals who worked at the bakery.

3.  Neither **MEISUM BAKERY, INC.** nor **XI XIAN LEI** was authorized by the United States Department of Agriculture ("USDA") under the Food and Nutrition Act of 2008, now known as the Supplemental Nutritional Assistance Program ("SNAP"), to accept USDA SNAP benefits or the Electronic Benefit Transfer ("EBT") cards on which the money value of the benefits is electronically stored.

1

The United States Attorney further charges that:

## COUNT ONE
(Conspiracy to Acquire, Possess and Redeem SNAP Benefits in an Unauthorized Manner
– 18 U.S.C. § 371 and 7 U.S.C. § 2024(b))

4. The United States Attorney incorporates by reference the allegations contained in paragraphs 1 through 3 of this Information.

5. Beginning at least on or about October 1, 2010, and continuing thereafter until in or about April 19, 2012, in Boston, Massachusetts and elsewhere in the District of Massachusetts,

**MEISUM BAKERY, INC. & XI XIAN LEI,**

defendants herein, did knowingly combine, conspire, and agree with other persons, both known and unknown to the United States Attorney, to commit an offense against the United States, to wit, to knowingly use, transfer, acquire, alter and possess benefits having a value of $5000 or more, in a manner not authorized by Title 7, United States Code, Chapter 51, and the regulations issued pursuant to Chapter 51, that is, by paying cash to SNAP benefit recipients in exchange for the use of SNAP benefits and redeeming those benefits at coconspirator establishments in violation of Title 7, United States Code, Section 2024(b).

### Manner and Means of the Conspiracy

6. It was part of the conspiracy that **MEISUM BAKERY, INC. & XI XIAN LEI** purchased the SNAP benefits of legitimate SNAP beneficiaries wishing to exchange their SNAP benefits for cash in violation of the SNAP program and paid the SNAP beneficiaries fifty cents for every SNAP dollar benefit available through use of the EBT card.

7. It was further part of the conspiracy that **MEISUM BAKERY, INC. & XI XIAN LEI,** who were not authorized to accept SNAP benefits, redeemed the SNAP dollar benefits that they

had purchased at coconspirator establishments that were authorized to accept SNAP dollar benefits.

8. It was further part of the conspiracy that **MEISUM BAKERY, INC. & XI XIAN LEI** redeemed the SNAP benefits by obtaining the beneficiaries' EBT cards and sliding the EBT cards through a point-of-sale machine at a coconspirator establishment or by providing the coconspirator establishments with the EBT card information so that the SNAP dollar benefits were redeemed through manual entry of the EBT card information at the coconspirator establishment.

9. It was further part of the conspiracy that upon redemption of the SNAP benefits at the coconspirator establishments cash in the value of the SNAP benefits would be electronically transferred to the coconspirator establishments and the total amount of the cash or a portion of the cash would be added to cash balances that **XI XIAN LEI** maintained at each of the coconspirator establishments and which he used in part to purchase goods for **MEISUM BAKERY, INC.**

10. It was further part of the conspiracy that between October 1, 2010 and April 19, 2012, **MEISUM BAKERY, INC. & XI XIAN LEI** redeemed SNAP dollar benefits in the amount of $747,134.32, which they had purchased from SNAP beneficiaries, in cash, at a rate of fifty cents on the dollar.

Overt Acts

11. In furtherance of the conspiracy and to accomplish the objects of the conspiracy, **MEISUM BAKERY, INC. & XI XIAN LEI** committed and caused to be committed the following overt acts, among others, in the District of Massachusetts and elsewhere:

   a. On or about January 11, 2012, an employee at **MEISUM BAKERY, INC.** paid an individual $100.00 in cash in exchange for $199.97 in SNAP dollar benefits that were redeemed by manual transaction at coconspirator establishment A.

b. On or about February 10, 2012, **XI XIAN LEI** and employees at **MEISUM BAKERY, INC.** paid an individual $100.00 in cash in exchange for $200.00 in SNAP dollar benefits that were redeemed when the EBT card was swiped at a point-of-sale machine at coconspirator establishment B.

c. On or about March 12, 2012, **XI XIAN LEI** and an employee at **MEISUM BAKERY, INC.** paid an individual $100.00 in cash for $199.98 in SNAP dollar benefits that were redeemed by manual transaction at coconspirator establishment A.

d. On or about April 15, 2012 at 8:40 am, **XI XIAN LEI** redeemed $120.00 in SNAP dollar benefits, which had been issued to a legitimate SNAP beneficiary, at coconspirator establishment B by swiping the beneficiary's EBT card at a point-of-sale machine at coconspirator establishment B's store, but did not purchase any merchandise at the store.

e. On or about April 16, 2012 at 8:40 am, **XI XIAN LEI** redeemed $200.00 in SNAP dollar benefits, which had been issued to a legitimate SNAP beneficiary, at coconspirator establishment B by swiping the beneficiary's EBT card at a point-of-sale machine at coconspirator establishment B's store, but did not purchase any merchandise at the store.

f. On or about April 16, 2012 at 9:31 am, **XI XIAN LEI** redeemed $200.00 in SNAP dollar benefits, which had been issued to a legitimate SNAP beneficiary, at coconspirator establishment B by swiping the beneficiary's EBT card at a point-of-sale machine at B's store, but did not purchase any merchandise at the store.

g. On or about April 17, 2012 at 8:03 am, **XI XIAN LEI** redeemed $200.00 in SNAP dollar benefits, which had been issued to a legitimate SNAP beneficiary, at coconspirator establishment B by swiping the beneficiary's EBT card at a point-of-sale machine at B's store, but did not purchase any merchandise at the store.

h. On or about April 19, 2012 at 8:58 am, **XI XIAN LEI** redeemed $133.00 in SNAP dollar benefits, which had been issued to a legitimate SNAP beneficiary, at coconspirator establishment B by swiping the beneficiary's EBT card at a point-of-sale machine at B's store, but did not purchase any merchandise at the store.

All in in violation of Title 18, United States Code, Section 371 and Title 7, United States Code, Section 2024(b).

The United States Attorney further charges that:

## COUNTS TWO AND THREE
(SNAP Fraud – 7 U.S.C. § 2024(b))

12. The United States Attorney repeats and incorporates by reference the allegations contained in paragraphs 1 through 3 and 6 through 9 of this Information.

13. On or about the dates set forth below, in the District of Massachusetts,

**XI XIAN LEI & MEISUM BAKERY, INC.,**

defendants herein, did knowingly use, transfer, acquire, alter and possess benefits having a value of $100 or more, in a manner not authorized by Title 7, United States Code, Chapter 51 and the regulations issued pursuant to Chapter 51, that is, by paying cash to SNAP benefit recipients in exchange for SNAP benefits and redeeming those benefits in violation of Title 7, United States Code, Section 2024(b).

| COUNT | DATE | SNAP BENEFITS REDEEMED |
|---|---|---|
| TWO | 2/10/12 | $200.00 |
| THREE | 3/12/12 | $199.98 |

All in in violation of Title 7, United States Code, Section 2024(b).

## CONSPIRACY FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1)(C), and 28 U.S.C. § 2461(c))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 371, set forth in Count One of this Information,

**MEISUM BAKERY, INC. AND XI XIAN LEI,**

defendants herein, shall forfeit to the United States, jointly and severally as to Count One, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

2. If any of the property described in Paragraph 1 above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## SNAP FRAUD FORFEITURE ALLEGATIONS
(7 U.S.C. § 2024(f), 18 U.S.C. §§ 492 and 981(a)(1)(C), and 28 U.S.C. § 2461

1. Upon conviction of one or more of the offenses in violation of Title 7, United States Code, Section 2024(b), set forth in Counts Two and Three of this Information,

**MEISUM BAKERY, INC. AND XI XIAN LEI,**

defendants herein, shall forfeit to the United States, jointly and severally as to Counts Two and Three,

 (a) pursuant to Title 7, United States Code, Section 2024(f), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, such offenses, or proceeds traceable to such offenses;

 (b) pursuant to Title 18, United States Code, Section 492, and Title 28, United States Code, Section 2461(c), all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in such offenses, or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of the Treasury or other proper officer; and

 (c) pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

2. If any of the property described in Paragraph 1 above, as being forfeitable pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Sections 492 and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

 (a) cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Sections 492 and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By: /s/ Giselle J. Joffre
    GISELLE J. JOFFRE
    Assistant U.S. Attorney

Date: October 20, 2016